The Honorable Jerry E. Hinshaw State Representative WC 84 18804 Wheeler Road Springdale, AR 72764
Dear Representative Hinshaw:
This is in response to your request for an opinion, on behalf of a constitutent, regarding the Arkansas Freedom of Information Act, which is codified at A.C.A. §§ 25-19-101—107 (1987 Cum. Supp. 1991). The letter attached to your request states that a secret ballot vote was taken by a school board selection committee formed to screen superintendent applicants. While you do not state how the committee is comprised or funded, your question appears to assume that the committee is subject to the FOIA, and I will therefore assume so in my answer as well.[1]
Apparently, the committee members ranked the applicants in order of member preference by unsigned secret ballots; they tallied the votes, and then voted in public to approve the totals. The approved totals then comprised the committee's recommendation to the school board. The specific question is as follows:
 Should the ballots used in the ranking process have been signed, allowing the public to see how each member of the committee ranked each applicant?
It is my opinion that the answer to your question is "yes." Ballots of the committee members should have been signed.
As noted in the letter attached to your request, this issue is controlled by the Arkansas Supreme Court case of Depoyster v.Cole, 298 Ark. 203, 766 S.W.2d 606 (1989). While the letter correctly notes that the Depoyster ruling requires that vote ballots be retained and made available for public inspection, the statement that the ruling "makes no provisions for accountability" is, in my opinion, incorrect. The court in that case stated as follows:
 The FOIA was passed wholly in the public interest and is to be liberally interpreted to the end that its praiseworthy purposes may be achieved. Arkansas Gazette Co. v. Pickens, 258 Ark. 69, 522 S.W.2d 350
(1975); Laman v. McCord, 245 Ark. 401, 432 S.W.2d 753 (1968). The issue before us, simply put, is whether the trial court correctly concluded that the executive committee of the AAA did not violate the Arkansas Freedom of Information Act when it used unsigned written ballots which were disposed of in a manner making their review impossible. . . . A review of the provisions of the FOIA makes clear that . . . the use of unsigned written slips as ballots [and] the failure of the AAA to retain voting records can[not] be condoned and that the actions of the executive committee clearly violated the overall intent of the Act. . . . [Emphasis added.] Ark. Code Ann. § 25-19-102 (1987) provides: It is vital in a democratic society that public business be performed in an open and public manner so that the electors shall be advised of the performance of public officials and of the decisions that are reached in public activity and in making public policy. Toward this end, this chapter is adopted, making it possible for them, or their representatives to learn and to report fully the activities of their public officials. . . . [Emphasis in original.] . . . [W]e readily see that the decisions of . . . governmental agencies are all made public to the extent of each individual's vote. There can be no doubt that the use of unsigned written slips as ballots which are not retained as part of an organization's records does little to assist the public in being advised as to the performance of the organization's members or the decisions reached by those individuals. Obviously, it makes it impossible, rather than possible, for concerned citizens or their representatives to learn and report fully the activities of the officials of such organizations. . . . [Emphasis added.] . . . Moreover, section 25-19-103(1) of the FOIA requires that all writings or data compilations in any form, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by any agency supported by public funds, "shall be public records". The recorded votes of individual members of the executive committee of the AAA obviously constitute a record of the performance
or lack of performance of official functions carried out by the AAA. . . . The vote slips at issue, being records generally or otherwise kept by the AAA, therefore constituted public records which should have been retained. [Emphasis added.]
298 Ark. at 205-207.
With regard to the scenario your question presents, it is my opinion that the Depoyster rule would require that ballot slips utilized by the school board selection committee be signed in order that members of the public "could [be] advised of the performance of the individual members of the . . . committee." The committee is, presumably, supported, at least in part, by public funds and thus falls within the provisions of the FOIA. A.C.A. § 25-19-103(1) (1987). Its ballot slips constitute a record of performance of official functions and as such are public records. Id. In order for the public to see how their officials are performing their official duties, the ballot slips should be signed. The slips, as public records, should then be made available for public inspection.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
SD/WB:cyh
[1] Although there is some question whether "advisory committees" are subject to the open meetings provision of the FOIA, such committees are generally subject to the open records provision of the act. See Op. Att'y Gen. 91-288, a copy of which is enclosed.